Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
**KAZEROUNI LAW GROUP, APC.**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorney for Plaintiff*
David S. Johnson

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff*
Andres Romero

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Romero,**<br><br>                    Plaintiff,<br><br>v.<br><br>**Monterey Financial Services, LLC; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and TransUnion, LLC,**<br><br>                    Defendants. | **Case No:**   '19CV1781 BEN KSC<br><br>**Complaint for Damages for Violations of:**<br><br>(1)   **Fair Debt Collection Practices Act, 15 U.S.C. § 1692,** *et seq.***;**<br>(2)   **Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788** *et seq.***;**<br>(3)   **Fair Credit Reporting Act, 15 U.S.C. § 1681** *et seq.***;**<br>(4)   **California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1** *et seq.***; and**<br>(5)   **California Civil Code § 1798.92** *et seq.*<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The Soldiers' and Sailors' Civil Relief Act of 1940, renamed the Servicemembers Civil Relief Act ("SCRA") (50 U.C.S. Appendix § 501 *et seq.*) was passed to enable servicemembers to devote their entire energy to the defense needs of the Nation. It accomplishes this purpose by imposing limitations on judicial proceedings that could take place while a member of the Armed Forces is on active duty, including insurance, taxation, loans, contract enforcement, and other civil actions. *Brewster v. Sun Trust Mortg., Inc.*, 742 F.3d 876, 878 (9th Cir. Cal. 2014). These limitations are "always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 575, 63 S. Ct. 1223, 87 L. Ed. 1587 (1943).

2. The United States Supreme Court has required courts to give a broad construction to the statutory language of the SCRA to effectuate the Congressional purpose of granting active-duty members of the Armed Forces repose from some of the trials and tribulations of civilian life. *Brewster at 879.*

3. In enacting the California's Identity Fraud Statute, Cal. Civ. Code §§1798.92 *et seq.*, the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, the California's Identity Fraud Statute was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a),(c).

4. Both the California Legislature and the United States Congress have found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and have determined that abusive debt collection practices contribute to the number of personal

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. To eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* ("RFDCPA") were enacted.

5.  In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

6.  Plaintiff Andres Romero ("Plaintiff"), through his attorneys, brings this action to challenge the actions of Monterey Financial Services, LLC ("Monterey"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion LLC (TransUnion)(collectively "Defendants") with regards to its attempts to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

7.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

8.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9.    Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

10.   Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violations.

11.   Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## JURISDICTION & VENUE

12.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

13.   This action arises out of Defendants' violations of (i) the FDCPA, 15 U.S.C § 1692 *et seq*.; (ii) the RFDCPA, Cal. Civ. Code § 1788 *et seq*.; (iii) the FCRA, 15 U.S.C. § 1681 *et seq*.; (iv) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, *et seq.* ("CCCRAA"); and (v) California Civil code §§ 1798-92.

14.   Because Defendants conduct business within the State of California, personal jurisdiction is established.

15.   Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resided in the City of Ramona, County of San Diego, State of California at the time Defendants' collection and reporting activities took place, which is within this judicial district; (ii) the conduct complained of

herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

16. Plaintiff is a natural person who, at all times relevant to this complaint, resided in the City of Ramona, State of California.

17. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

19. Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.82(d) at all times relevant.

20. From January 2012 to the present, Plaintiff has been a member of the United States Navy and on active duty making him an active duty service member as defined in 10 U.S.C. § 101(d)(1) and § 400(a)(1) of the California Military and Veterans Code.

21. Defendant Monterey is a California limited liability company located in Oceanside, California.

22. Monterey is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

23. Monterey, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b) and 15 U.S.C. § 1692a(6), and is therefore, a debt collector as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692(6).

24. Monterey is a furnisher of information as contemplated by FCRA sections 1681s-2(a)&(b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

25. Defendant Equifax is a Georgia limited liability company.

26. Defendant Experian is an Ohio corporation with its headquarters located in the State of Ohio.

27. Defendant TransUnion is a Delaware limited liability company.

28. As a partnership, corporation, association, or other entity, Defendants are "person[s]" as that term is defined by Cal. Civ. Code § 1785.3(j).

29. Equifax, Experian, and TransUnion (collectively the "Credit Bureaus") are each a "consumer reporting agency" as that term is defined by 15 U.S.C § 1681a(f).

30. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

31. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

32. Plaintiff was on active duty orders in the United States Navy from January of 2012 to the present.

33. On or around November 12, 2016, an imposter willfully obtained Plaintiff's personal identifying information and used such information to fraudulently open a line of credit with Pacific Credit Group, LLC.

34.  As a result of this identity theft, Plaintiff is alleged to have incurred certain financial obligations (the "Debt") to Pacific Credit Group, LLC.

35.  These alleged financial obligations included two iPhones, Bluetooth headphones, and a phone charger totaling $1,498.42 plus $26.00 shipping. These purchases were made without Plaintiff's consent or knowledge.

36.  These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

37.  Following this purchase, no payments were made on the Debt, and in or around March 24, 2017, the Debt was placed, assigned, or otherwise transferred to Monterey for collection purposes.

38.  Plaintiff was not aware of the account until December 8, 2017 when Plaintiff received an email from Credit Karma alerting Plaintiff of a new collection account with Monterey on Plaintiff's credit report ("Account").

39.  In response to this alert, Plaintiff immediately disputed Monterey's tradelines discussed herein with the credit reporting agencies, pursuant to 15 U.S.C. § 1681i(a)(2), by written communication through his Credit Karma account, as well as with Monterey.

40.  Upon information and belief, the credit reporting agencies timely notified Monterey of Plaintiff's dispute.

41.  Throughout the following months, Plaintiff received notification from the Credit Bureaus that they in fact received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

42.  The Credit Bureaus were required to conduct a reasonable reinvestigation into the disputed Accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

43. Monterey was required to conduct a reasonable reinvestigation into the disputed Accounts on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).47.

44. Despite receipt of this information, Monterey continued collection activity with regard to the fraudulent Account and continued to report the alleged debt on Plaintiff's credit reports.

45. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3), yet still allowed the inaccurate and misleading Account information to be reported on Plaintiff's credit reports.

46. The Credit Bureaus were required to block Monterey's tradelines within four business days from receipt of Plaintiff's identity theft disputes, pursuant to 15 U.S.C. § 1681c-2(a).

47. However, not only did the Credit Bureaus fail to block Monterey's tradelines within four business days from receipt of Plaintiff's identity theft disputes, but they allowed the Accounts to continue reporting for months.

48. Further, the Credit Bureaus should have discovered from their records, including Plaintiffs disputes, that the Account being reported by Monterey was inaccurate and materially misleading because it suggested that Plaintiff's Account with Monterey was legitimate and delinquent, even though the Account was created and/or compromised through identity theft.

49. Accordingly, the Credit Bureaus failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

50. Additionally, the Credit Bureaus failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i.

51. Monterey's investigation was also unreasonable. More specifically, Monterey should have discovered from its records, including Plaintiff's formal dispute, that the information Monterey was reporting was inaccurate

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

and materially misleading because it suggested that the Account was legitimate and delinquent, despite the glaring evidence suggesting otherwise.

52. Instead, Plaintiff received a letter dated January 4, 2018, from Monterey, stating in relevant part, "the defaulted account for [Plaintiff] will continue to be reported accordingly, as a disputed collection account."

53. Determined to clear his name and credit, Plaintiff faxed numerous letters to Monterey proving he was a victim of identity theft.

54. Plaintiff's January 31, 2018 letter pleaded with Monterey to remove the fraudulent account explaining that while the account was opened in Pasadena, Texas, he had never lived in Texas.

55. A subsequent letter was faxed to Monterey on February 14, 2018, declaring the phone number listed on Monterey's Account did not belong to him and that the original creditor's listed bank accounts did not belong to Plaintiff.

56. Plaintiff also included a police report he filed with San Diego Sheriff's Department on January 18, 2018 regarding the identity theft.

57. Notwithstanding Plaintiff's attempts, Monterey continued its harassing collection efforts through demeaning collection letters and maintaining Plaintiff's diminished credit all due to debts that Plaintiff did not incur.

58. Plaintiff's continued efforts with Monterey proved fruitless. Despite the overwhelming evidence Plaintiff provided to Monterey demonstrating the account was fraudulent and/or compromised through identity theft, Monterey refused to delete its incorrect tradeline.

59. Accordingly, Monterey failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

60. Monterey failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

61. Due to Monterey's failure to reasonably investigate, Monterey further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

62. By inaccurately reporting account information after notice and confirmation of its errors, Monterey failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

63. Through this conduct, Monterey has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Monterey knew or should known was inaccurate.

64. Ultimately, as some of the Credit Bureaus began removing the errors from Plaintiff's credit report, Monterey continued to falsely report the Account—over a year since Plaintiff first sent Monterey a letter disputing the Account.

65. Monterey's and the Credit Bureaus' initial failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of their duty to refrain from reporting inaccurate information. Accordingly, Monterey and the Credit Bureaus willfully and negligently failed to comply with its respective duties to reasonably investigate Plaintiff's dispute.

66. Only recently has the fraudulent account been removed from Plaintiff's credit report.

67. Nonetheless, Monterey and the Credit Bureaus' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

68. Said tradelines have affected Plaintiff negatively due to the reporting of delinquencies and has negatively impacted Plaintiff's debt to income ratio which has lowered Plaintiff's credit score. Moreover, Monterey had also

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

failed to report to the Credit Bureaus that the Monterey Account at issue was incurred as the result of identity theft.

69. Monterey's conduct violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Monterey also violated Cal. Civ. Code § 1788.17.

70. Also, Monterey's conduct violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Monterey violated Cal. Civ. Code § 1788.17.

71. Monterey's conduct violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Monterey also violated Cal. Civ. Code § 1788.17.

72. Monterey's conduct violated 15 U.S.C. § 1692e(10) by using false representations, specifically that Plaintiff owed a fraudulently incurred Debt, and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Monterey violated Cal. Civ. Code § 1788.17.

73. Monterey's conduct violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Monterey violated Cal. Civ. Code § 1788.17.

74. Monterey's conduct violated 15 U.S.C. § 1692f(1) by collecting an amount not permitted by law. This section is incorporated into the RFDCPA through

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

1  Cal. Civ. Code § 1788.17; thus, Monterey violated Cal. Civ. Code § 1788.17.

75. In addition, Monterey's continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES[1]

## ACT

## 15 U.S.C. § 1692, *et seq*.

## [Against Monterey]

76. Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions by Monterey constitute violations of the FDCPA, including but not limited to the above-cited provision of the FDCPA, 15 U.S.C. § 1692 *et seq*.

78. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Monterey.

---

[1] Plaintiff alleges Monterey's conduct occurred while Plaintiff was on active duty. "The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns." 50 U.S.C. 3936(a). Thus, the one year statute of limitations provided under 15 U.S.C. § 1692k(d) and Cal. Civ. Code § 1788.30 are inapposite to this matter.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32

### [Against Monterey]

79.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80.  The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

81.  As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Monterey.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X

### [Against All Defendants]

82.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

83.  The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

84.  As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

85.  As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more

than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.
### [Against All Defendants]

86.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87.  The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

88.  In the regular course of their business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing, and credit capacity.

89.  Because Defendants are each a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the persons know or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Because Defendants received all documents required to determine the fraudulent nature of Plaintiff's alleged debts, Defendants should have known that the accounts at issue did not belong to Plaintiff.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

## FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S IDENTITY THEFT ACT

### CAL. CIV. CODE §§ 1798.92-1798.97

90.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91.     The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

92.     As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

    **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants as follows:

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692, *et seq*.

### [Against Monterey Only]

•     An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

•     An award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

•     An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants; and

•     Any other relief this Court should deem just and proper.

**SECOND CAUSE OF ACTION:**

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**Cal. Civ. Code § 1788,** *et seq.*

**[Against Monterey Only]**

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorneys' fees under Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court should deem just and proper.

**THIRD CAUSE OF ACTION**

**THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. §§ 1681-1681X**

**[Against All Defendants]**

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Injunctive relief to command Defendants to correct the information furnished on Plaintiff's credit reports and prohibit them from engaging in future violations;
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

///

///

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

**FOURTH CAUSE OF ACTION**

**THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE § 1785.1, ET SEQ.**

**[Against All Defendants]**

• An award of actual damages, in an amount to be determined at trial pursuant to Cal. Civ. Code §1785.31(a)(2)(A);

• An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d);

• An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

• For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and

• Any and all other relief that this Court deems just and proper.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S IDENTITY THEFT ACT**

**CAL. CIV. CODE §§ 1798.92-1798.97**

**[Against Monterey Only]**

• A declaration that Plaintiff is not obligated to Monterey for the Account according to to Cal. Civ. Code § 1798.93(c)(1);

• An injunction restraining Monterey from collecting or attempting to collect from Plaintiff on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with that claim, or from enforcing or executing on any judgment against the Plaintiff on that claim pursuant to Cal. Civ. Code § 1798.93(c)(3);

• Actual damages, attorney's fees and costs and any equitable relief the court deems appropriate Cal. Civ. Code § 1798.93(c)(5); and

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

- A civil penalty, in addition to any damages, of up to thirty thousand dollars ($30,000) as Plaintiff has proffered sufficient evidence to establish by clear and convincing evidence that:

  1. Plaintiff provided Monterey written notice that a situation of identity theft existed and explained the basis for that belief.
  2. Monterey failed to diligently investigate the Plaintiff's notification of identity theft.
  3. Monterey continued to pursue its claim against Plaintiff after Monterey was presented with facts that were later held to entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93.

### TRIAL BY JURY

93.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

Date: September 17, 2019                 **KAZEROUNI LAW GROUP, APC**

                                          By: *s/ Yana A. Hart*
                                          Yana A. Hart, Esq.
                                          Email: yana@kazlg.com
                                          *Attorneys For Plaintiff*

**LAW OFFICE OF ALBERT R. LIMBERG**
Albert R. Limberg, Esq. (SBN 211110)
alimberg@limberglawoffice.com
3667 Voltaire Street
San Diego, CA 92106
Telephone: (619) 344-8667
Facsimile: (619) 344-8657

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108